DECISION AND JOURNAL ENTRY
Appellant, the State of Ohio, appeals a ruling of the Summit County Court of Common Pleas that excluded testimony as hearsay. We affirm in part and reverse in part.
On April 20, 1999, Defendant Jermaine D. Bailey was indicted by the Summit County Grand Jury on one count of felonious assault, in violation of R.C. 2903.11(A)(1). The indictment stemmed from severe injuries suffered by Defendant's girlfriend, in which she suffered three broken ribs, a punctured lung, numerous bruises, and half of her hair pulled out on one side of her head. Defendant pleaded not guilty.
The case was set for jury trial on July 20, 1999. On that date, prior to jury selection, the State informed the trial court that the victim refused to appear or to testify against Defendant. Absent the victim's testimony, the State sought to present evidence as to the identity of the victim's attacker through the testimony of medical personnel and records and of a police officer who interviewed her and proffered the expected testimony. The trial court ruled that the statements presented by the State were inadmissible hearsay. Based on the trial court's ruling, the case was dismissed nolle prosequi. The State timely appealed to this court.
The State presents two assignments of error. We will address them in turn.
Assignment of Error No. I
 THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN IT [sic] SUPPRESSED NINETEEN-YEAR OLD PHYSICAL ABUSE VICTIM TWINETTA CLARK'S STATEMENT TO MEDICAL PERSONNEL AS SHE SOUGHT TREATMENT FOR HER SERIOUS INJURIES.
 In its first assignment of error, the State contends that the trial court erred by excluding evidence regarding the victim's statements to medical personnel as hearsay. We agree.
A trial court's decision on the admissibility of evidence is reviewed under an abuse of discretion standard. See State v. Sage
(1987), 31 Ohio St.3d 173, paragraph two of the syllabus. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Under Evid.R. 802, hearsay is not admissible unless the statement comes under some exception to the hearsay rule. Evid.R. 803(4) allows hearsay testimony containing "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." This court has stated that Evid.R. 803(4) "has been interpreted as including diagnosis or treatment related not only to physical injuries, but also to psychological injuries." Statev. Grooms (Aug. 19, 1998), Summit App. No. 18558, unreported, at 5.
The State proffered medical records prepared by a doctor who assessed the victim for trauma. In the records, the victim is recorded as having stated to the doctor that Defendant attacked her. The records also disclose that the doctor considered the possibility of post-traumatic stress disorder in the victim. The evidence proffered by the State related to the psychological injuries inflicted upon the victim by Defendant and the victim's attempts to understand Defendant's actions. These statements fall within the parameters of Evid.R. 803(4). The trial court's exclusion of these statements was unreasonable and an abuse of discretion. The State's first assignment of error is sustained.
Assignment of Error No. II
 THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN IT [sic] SUPPRESSED THE VICTIM'S ANGUISHED AND EMOTIONAL STATEMENT TO THE POLICE THE SAME DAY SHE WAS ATTACHED [sic, attacked].
The State contends in its second assignment of error that the trial court erred by excluding the testimony of a police officer to whom the victim said that Defendant caused her injuries. The State argues that the victim's statements were admissible as excited utterances. We disagree.
Under Evid.R. 803(2), "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition" is admissible despite its hearsay nature. To qualify as an excited utterance or spontaneous exclamation, the statement must meet a four-part test:
 "(a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective,
 "(b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs,
 "(c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and
 "(d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration."
(Emphasis sic.) State v. Wallace (1988), 37 Ohio St.3d 87,89, quoting Potter v. Baker (1955), 162 Ohio St. 488, paragraph two of the syllabus. At question in this case is the second part of the test.
The State proffered the testimony of a police officer to whom the victim gave a statement; a significant period of time (more than twelve hours) had lapsed since the attack when the victim gave her statement. The officer's testimony would also relate that the victim said that Defendant caused her injuries and that the victim was crying while giving her statement. We conclude that, given the state of the facts before the trial court, the evidence did not support the conclusion that the excitement of the startling event continued to dominate the victim's reflective senses when she gave her statement to the police officer. Accordingly, the trial court did not abuse its discretion by excluding the hearsay testimony of the police officer. The second assignment of error is overruled.
The first assignment of error is sustained, and the second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed equally to both parties.
Exceptions.
 _______________________ LYNN C. SLABY
FOR THE COURT WHITMORE, J., CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.